NOT FOR PUBLICATION

RECEIVED
APR 0 2 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DIVERSANT, LLC,

    Plaintiff,

v.

MITCHELLE CARINO,

    Defendant.

Civ. No. 18-3155

**MEMORANDUM OPINION**

THOMPSON, U.S.D.J.

## BACKGROUND

This is an action for breach of contract arising out of an employment and corporate competition matter. Plaintiff's allegations are summarized as follows. Plaintiff Diversant, LLC ("Plaintiff" or "Diversant") is a New Jersey limited liability company with its corporate headquarters and principal place of business in Red Bank, NJ. (Compl. ¶ 1, ECF No. 1.) It is the largest African-American-owned IT staffing solutions firms in the United States (*id.*), and it provides IT staffing services to mid-market and Fortune 500 companies nationwide (*id.* ¶ 5). Defendant Mitchelle Carino ("Defendant") is a resident of Brisbane, CA and is currently employed by Artech Information Systems, LLC ("Artech") in its San Francisco, CA office. (*Id.* ¶ 2.) Until he resigned on January 3, 2018, Defendant was employed by Plaintiff as a Business Development Director in Diversant's San Francisco office. (*Id.* ¶ 16.) In this role, Defendant had access to confidential information about numerous clients and consultants. (*Id.* ¶ 19.)

In July 2015, Plaintiff acquired Vircon, a competing IT staffing firm. (*Id.* ¶ 7.) At the time of this acquisition, Defendant executed an agreement containing various post-employment

1

restrictive covenants. (*Id.* ¶ 23.) The agreement prohibited Defendant from using or disclosing confidential business information or trade secrets (*id.* ¶ 24); included non-compete clauses prohibiting Defendant from working for any competitor individual or entity providing IT staffing services similar to those he provided for Diversant within 50 miles of his Diversant territory (*id.* ¶¶ 25–26); and included non-solicitation clauses prohibiting Defendant from hiring, soliciting, or attempting to hire or solicit Diversant employees, consultants, clients, or prospective clients (*id.* ¶ 27).[1] The agreement further provided that Defendant would have to provide written notice to Diversant of new employment should he leave Diversant. (*Id.* ¶ 32.)

Relevant to the issue before the Court, the agreement included a choice of law provision, noting that it "shall be governed by the Federal Arbitration Act ('FAA') and, to the extent not in conflict with the FAA, the laws of the State of New Jersey, without regard to its conflict of laws provisions." (*Id.* ¶ 34.) The agreement requires that claims for damages be submitted to arbitration, but either party may seek injunctive relief in court. (*Id.* ¶ 35.)

On January 3, 2018, Defendant resigned from Diversant, saying he was unhappy with Diversant's executive management team but not disclosing any new employment. (*Id.* ¶¶ 39–41.) Shortly after his resignation, he began employment with Artech as a Senior Business Development Director in its San Francisco office. (*Id.* ¶ 43.) He did not inform Diversant of this new employment; rather, a Diversant consultant informed Plaintiff that he had observed Defendant visiting managers of a Diversant client. (*Id.* ¶ 46.) Artech's San Francisco office is within 50 miles of Diversant's San Francisco office and Defendant's territory at Diversant, and Artech is a direct IT staffing competitor. (*Id.* ¶¶ 47–48.) Plaintiff alleges, on information and

---

[1] Defendant was also subject to Diversant's Employee Handbook, which is largely duplicative of the restrictive covenants codified in the agreement itself. (*See* Compl. ¶¶ 36–38.)

2

belief, that Defendant may and possibly already has used Plaintiff's confidential information to solicit Diversant's client business for the benefit of its competitor Artech. (*Id.* ¶¶ 51–53.)

Plaintiff filed its Complaint, Motion for Temporary Restraining Order and Preliminary Injunction, and proposed Order to Show Cause on March 5, 2018, seeking injunctive relief on its breach of contract claim. (ECF No. 1.) On March 6, 2018, the Court held a hearing regarding the application for temporary restraints, with both parties appearing through counsel. (ECF No. 5.) The Court did not impose restraints. At the Court's request, Plaintiff's counsel submitted a letter reprising the hearing (ECF No. 8) and a second letter with a proposed briefing schedule after conferring with Defendant's counsel (ECF No. 9). The parties asked the Court to first resolve the question of choice of law, as it could be dispositive for Plaintiff's requested preliminary injunction.[2] (*See* ECF No. 9.) By letter order on March 14, 2018, the Court adopted the proposed briefing schedule on choice of law. (ECF No. 11.) Both parties filed initial briefs on March 16, 2018 (ECF Nos. 13, 14), and reply briefs on March 20, 2018 (ECF Nos. 15, 16). The Court now considers the issue of choice of law.

## **DISCUSSION**

As noted above, Defendant's employment agreement included a choice of law provision selecting New Jersey law, without regard to New Jersey's conflict of laws provisions. (Compl. ¶ 34.) Plaintiff argues that this choice of law provision is bargained-for and enforceable and that New Jersey law therefore governs this matter. Defendant argues that the choice of law provision was part of a contract of adhesion and because California has a materially greater interest in this dispute, pursuant to New Jersey's approach to conflict of laws, California law governs.

---

[2] The parties agree that an actual conflict exists between the law that Plaintiff asserts should apply (New Jersey) and the law that Defendant asserts should apply (California).

3

A federal district court sitting in diversity applies the conflict of laws principles of the forum state, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013), "in order to decide which body of substantive law to apply to a contract provision, even where the contract contains a choice-of-law clause," *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 183 (3d Cir. 2017). This Court therefore must apply New Jersey's conflict of laws rules.

In the absence of a choice of law clause, New Jersey applies a two-part "most significant relationship" test, set forth in the Restatement (Second) of Conflict of Laws. *Maniscalco*, 709 F.3d at 206 (citing *P.V. v. Camp Jaycee*, 962 A.2d 453, 459–60 (N.J. 2008)); *see also Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017). However, "when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice" under certain circumstances. *Collins*, 874 F.3d at 183–84 (quoting *Instructional Sys., Inc. v. Comput. Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Courts applying New Jersey conflict of laws rules must evaluate the contractual choice pursuant to the framework announced in Restatement § 187(2).[3] *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys.*, 730 A.2d 843, 847–48 (N.J. 1999); *accord Collins*, 874 F. 3d at 184 (citing Restatement (Second) of Conflict of Laws § 187 (Am. Law Inst. 1971));

---

[3] Plaintiff argues that § 187(1) is dispositive. (*See* Pl.'s Br. at 3–4, ECF No. 14; Pl.'s Reply at 1, ECF No. 15.) Pursuant to § 187(1), "[a] contractual choice of law provision applies, with certain limitations, to issues that the parties 'could have resolved by an explicit provision' of the contract." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 465 (3d Cir. 2006). However, New Jersey does not appear to apply § 187(1). Plaintiff does not cite New Jersey Supreme Court cases applying § 187(1), and this Court must apply the conflicts rules as elucidated by New Jersey. The *Berg Chilling* court applied the conflicts rules of Pennsylvania, *id.* at 462, and *Berg Chilling* also cites and quotes § 187(2) as the general rule "governing choice of law in contracts interpretation cases," *id.* at 463–64. The Court therefore applies § 187(2).

4

*Chemetall US Inc. v. Laflamme*, 2016 WL 885309, at *6 (D.N.J. Mar. 8, 2016). The choice-of-law clause controls unless it is unenforceable under § 187(2).

> Under § 187(2), a choice-of-law clause will be enforced unless either:
>
> > (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or
> > (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

Restatement (Second) of Conflict of Laws § 187(2); *see also Coface Collections N. Am. Inc. v. Newton*, 430 F. App'x 162, 166–67 (3d Cir. 2011).

The exception in part (a) does not apply here because Plaintiff is a New Jersey limited liability company headquartered in New Jersey, and therefore New Jersey has a "substantial relationship" to the parties. *See, e.g., Coface Collections*, 430 F. App'x at 167 ("[Plaintiff's] incorporation in Delaware provides an adequate substantial relationship with the state of Delaware."); *Instructional Sys., Inc.*, 614 A.2d at 133 ("[Defendant] is headquartered in California, and hence California law has a 'substantial relationship to the parties.'").

For the part (b) exception to apply, Defendant must establish three elements: (1) that California has a materially greater interest than New Jersey in the determination of this dispute, (2) that application of New Jersey law on the enforceability of restrictive covenants (particularly, non-solicitation and non-compete clauses) would be contrary to California's public policy, and (3) that California law would apply in the absence of an effective choice of law clause.

New Jersey Courts focus on the dispute-related contacts or relationships with the relevant states to determine which state has a materially greater interest. *See, e.g., Chemetall US Inc.,*

5

2016 WL 885309, at *7–8 (discussing connections to and contacts with the relevant states, New Jersey and Indiana); *Networld Commc'ns, Corp. v. Croatia Airlines, D.D.*, 2014 WL 4662223, at *3 (D.N.J. Sept. 18, 2014) (focusing on contacts, not state policy, for materially greater interest analysis); *Hopkins v. Duckett*, 2012 WL 124842, at *9 (N.J. Super. Ct. App. Div. Jan. 17, 2012).

Highlighting Defendant's substantial contacts with the state of California, Defendant argues that California has a materially greater interest than New Jersey in this dispute. (*See* Def.'s Letter Br. at 5–7, ECF No. 13; Def.'s Reply at 3–5, ECF No. 16.) As Defendant explains, "this action arises out of a contract that was formed and signed in California and was allegedly breached in California by a California resident." (Def.'s Letter Br. at 5.) The contract was performed by Defendant exclusively in California, he managed a book of business entirely comprised of California clients, and the agreement designates California as the arbitration forum. (Def.'s Br. at 5–6.) Citing cases exclusively from other jurisdictions,[4] Defendant asks this Court to find that these contacts are materially greater than those with New Jersey. (Def.'s Letter Br. at 6–7.) While Defendant argues that "the fact that Plaintiff has an office in New Jersey . . . [is the only] connection between this lawsuit and the state of New Jersey" (*id.* at 6), Plaintiff responds that Plaintiff is a New Jersey company headquartered in New Jersey; that Plaintiff negotiated, prepared, and executed the agreement in New Jersey; that Plaintiff substantially performed the agreement through its administrative and corporate offices in New Jersey; and that confidential

---

[4] The cases somewhat collapse the first two elements (materially greater interest and contrary to public policy). *See, e.g., Fyfe Co., LLC v. Structural Grp., Inc.*, 2016 WL 4662333, at *4 (D. Md. Sept. 7, 2016) ("In determining whether a state has a greater or lesser interest in a particular contract issue, Maryland courts typically consider the substance and degree of contacts that the parties have with the state, as well as whether the party asserting protection under that state's fundamental public policy is the type of person or entity the public policy was intended to protect."); *Prod. Res. Grp., L.L.C. v. Oberman*, 2003 WL 22350939, at *9–10 (S.D.N.Y. Aug. 27, 2003).

information Defendant accessed to perform his job came from a cloud storage platform maintained in New Jersey. (*See* Pl.'s Letter Br. at 6–8.) In reply, Defendant clarifies that many of these purported New Jersey contacts are overstated, immaterial to the subject matter of the contract, or legal fictions, as all of Defendant's communications with his Diversant supervisors transpired in California, his business was confined to California, and, regardless of where the offer letter or preparatory materials were created, the contract was formed in California because his signature was the last act necessary for formation. (*See* Def.'s Reply at 3–5.)

While Defendant cites a litany of persuasive authority where courts declined to apply choice of law clauses in similar disputes, courts applying New Jersey conflict of laws rules have rejected the argument that California is the true "center of gravity" of the employment relationship where the employee is based in California and the employer is based elsewhere. *See Chemetall US Inc.*, 2016 WL 885309, at *7. There is no question that California has a substantial relationship to this dispute and a material interest in enforcing its strong public policy against non-competition clauses in employment agreements. (*See* Def.'s Letter Br. at 7–8.) However, New Jersey also has a substantial relationship to this dispute, and "an interest in enforcing its company's rights, in enforcing covenants that are reasonably designed to protect the legitimate interests of its residents, and in protecting the confidential information of its residents." *Chemetall US Inc.*, 2016 WL 885309, at *8 (footnote omitted); *accord Coface Collections*, 430 F. App'x at 168. On balance, Defendant has not established that California possesses a "materially greater" interest than that held by New Jersey. Therefore the Court need not reach the second and third elements of § 187(2)(b). *Coface Collections*, 430 F. App'x at 167 n.8. Since the choice of law clause is enforceable, New Jersey law governs this dispute.

/s/ Anne E. Thompson<br/>ANNE E. THOMPSON, U.S.D.J.