RECEIVED
JUN 11 2018
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIVERSANT, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MITCHELLE CARINO, <br><br> Defendant. | Civ. No. 18-3155 <br><br> **MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

This matter having come before the Court by Plaintiff Diversant, LLC ("Plaintiff" or "Diversant"), seeking a preliminary injunction (*see generally* Compl., ECF No. 1); the parties having conducted expedited discovery and having submitted extensive briefing materials to the Court (*see, e.g.*, ECF Nos. 22, 29, 31, 37); the Court having read the parties' papers and carefully considered the relevant legal authority and the parties' arguments at a hearing on June 11, 2018 at 10:00 AM, with Plaintiff appearing by its counsel James S. Yu and Erik W. Weibust of Seyfarth Shaw, LLP, and Defendant Mitchelle Carino ("Defendant") appearing by his counsel Carmen J. DiMaria of Ogletree, Deakins, Nash, Smoak & Stewart, PC; finding good cause shown, and in order to preserve the rights of the parties, the Court hereby GRANTS the application for injunctive relief as follows:

1. IT APPEARING THAT, pursuant to Federal Rule of Civil Procedure 65, Plaintiff has demonstrated a likelihood of success on the merits with regard to its breach of contract claims, as it appears that

- Defendant was employed by Diversant as a Business Development Director in its

1

San Francisco office beginning on July 23, 2015;

- Defendant signed a likely enforceable "At-Will, Restrictive Covenant and Arbitration Agreement" (the "Employment Agreement") on July 23, 2015 (Compl., Ex. A, ECF No. 1-1 (merger clause appearing at ¶ 25)), which for the purposes of this Motion the Court finds is likely a separate contract from the Bonus Addendum (Def.'s Br., Ex. C, ECF No. 31-2) signed by Defendant on August 5, 2015 and incorporated by reference into the Offer Letter dated July 22, 2015 (Def.'s Br., Ex. B, ECF No. 31-2);

- in executing the Employment Agreement, Defendant promised to refrain from employment with a direct competitor in the IT staffing industry within 50 miles of Diversant's San Francisco office and Defendant's territory as a Diversant employee for one year from the date of his separation from Diversant;

- Defendant resigned from Diversant on January 3, 2018 and became employed by Diversant's direct competitor Artech Information Systems LLC ("Artech") in its San Francisco office; and

- Defendant admitted in deposition to breaching the non-competition and confidentiality provisions of the Employment Agreement to which he is bound by joining a Diversant competitor in the IT staffing industry within 50 miles of Diversant's San Francisco office and retaining Diversant's confidential client information in the form of contact information of Wells Fargo hiring managers input into Defendant's personal cell phone, which he used to target and solicit their business either directly or indirectly for Artech's benefit, as evidenced by documents and testimony produced during expedited discovery; and it further

2. APPEARING THAT Plaintiff will suffer irreparable harm in the absence of preliminary relief, including reputational harm and loss of customer goodwill, loss of unquantifiable future business from existing clients, and loss of stability in its offices if Defendant is permitted to continue violating his Employment Agreement and inducing other Diversant employees to violate their own agreements by sharing confidential client information with him, and therefore Diversant has no adequate remedy at law; and it further

3. APPEARING THAT the balance of equities tips in Plaintiff's favor, as the preliminary relief sought preserves the benefit of their bargain and protects Diversant's valuable goodwill, business reputation, and contract rights, whereas Defendant is only restrained from directly or indirectly violating a likely enforceable contract and retains an adequate avenue to pursue Diversant's own alleged breach of the Bonus Addendum in California; and it further

4. APPEARING THAT temporary injunctive relief will serve the public interests in the enforceability of valid contracts and the protection of proprietary business information;

**THEREFORE, IT IS** on this __11th__ day of June, 2018, **ORDERED** THAT:

5. Plaintiff's application for preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure is GRANTED;

6. Defendant, and all persons and/or entities acting on his behalf, for his benefit, or in active concert or participation with him, is hereby preliminarily enjoined until **January 3, 2019**—one year from his separation from Diversant—directly or indirectly, and whether alone or in concert with others, including any entity, officer, agent, employee and/or representative of his new employer, from:

- misappropriating or threatening to misappropriate, accessing, using, disclosing, copying, or revealing any Diversant trade secret or proprietary business or

confidential information (including, without limitation, any information downloaded from Diversant's database and/or systems pertaining to Diversant's clients, consultants, prospective clients, and/or prospective consultants);

- providing information technology staffing services, directly or indirectly, whether as an employee, consultant, independent contractor, or otherwise, similar to those services Defendant provided to/for Diversant, to or for any corporation, individual, enterprise, entity, or association that competes with Diversant in Diversant's business, including, without limitation, for Artech, within 50 miles of Diversant's San Francisco office and Defendant's territory for Diversant;

- soliciting, attempting to solicit, transacting business with, and/or performing any work on behalf of, any Diversant clients or prospective clients with whom he had direct contact within the last two (2) years of his employment with Diversant, for whom he provided services within the last two (2) years of his employment with Diversant, or about whom he learned confidential business information including, without limitation, Wells Fargo and Wells Fargo hiring managers; and

- hiring, soliciting, or attempting to hire or solicit, on his own behalf or on behalf of any other person or entity, any Diversant consultants or employees who were Diversant consultants or employees within the last 12 months of Defendant's employment with Diversant.

7. This Order is effective immediately and does not require the posting of a bond.

_____
ANNE E. THOMPSON, U.S.D.J.

4