# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DIVERSANT, LLC, | : Hon. Anne E. Thompson |
|  | : Civ. Action No.: 3:18-cv-03155-AET-DEA |
| Plaintiff, | : |
|  | : *Civil Action* |
| - against - | : |
|  | : **Return Date: FEBRUARY 4, 2019** |
| MITCHELLE CARINO, | : |
|  | : |
| Defendant. | : |

---

**DEFENDANT MITCHELLE CARINO'S BRIEF IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT FOR MOOTNESS PURSUANT TO RULE 12(b)(1), OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

---

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 656-1600
*Attorneys for Defendant*

On the Brief:
    Carmen J. DiMaria, Esq.
    Robin Koshy, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................. 1

RELEVANT STATEMENT OF FACTS
AND PROCEDURAL HISTORY ............................................................ 1

     A.     Diversant hires Mitchelle Carino in July 2015 and requires him to sign a
          non-competition agreement as part of his employment ......................................... 1

     B.     In January 2018, Mr. Carino begins working for Artech and Diversant seeks
          to enforce its non-competition agreement against Mr. Carino ............................. 3

     C.     As a result of the Court's ruling, Mr. Carino stops working for Artech ................ 3

     D.     Mr. Carino is not in possession of Diversant's alleged confidential information .. 3

     E.     The Agreement and the Court's June 11 preliminary injunction Order
          expired on January 3, 2019 and thus Mr. Carino is free to compete against
          Diversant ............................................................................................................. 4

LEGAL ARGUMENT ......................................................................... 4

POINT I

THE VERIFIED COMPLAINT MUST BE DISMISSED AS MOOT BECAUSE A
CASE IN CONTROVERSY NO LONGER EXISTS .................................................. 4

     A.     Legal standard to dismiss the complaint as moot .................................................. 4

     B.     The Agreement expired on January 3, 2019 and thus, Diversant's claim for
          injunctive relief is now moot because there is no basis to enter a permanent
          injunction ............................................................................................................. 6

CONCLUSION ................................................................................ 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Access 4 All, Inc. v. Boardwalk Regency Corp.,
    2010 WL 4860565 (D.N.J. Nov. 23, 2010) ............................................................12

Aladdin Capital Holdings, LLC v. Donoyan,
    438 Fed. Appx. 14 (2d Cir. 2011) ..........................................................................9

Anesthesia Healthcare Partners Inc., v. Anesthesia Healthcare Solutions of North
    Florida LLC,
    2011 WL 2441307 (N.D. Fla. June 17, 2011) ........................................................10

Berk v. Tradewell, Inc.,
    2003 WL 21664679 (S.D.N.Y. July 16, 2003) ......................................................10

Camesi v. Univ. of Pittsburgh Med. Center,
    729 F.3d 239 (3d Cir. 2013).....................................................................................5

Campbell Soup Co. v. Martin,
    202 F.2d 398 (3d Cir. 1953).....................................................................................7

The Community Hosp. Group, Inc. v. More,
    183 N.J. 36 (2005) ...................................................................................................7

Continental Group, Inc. v. Amoco Chemicals Corp.,
    614 F.2d 351 (3d Cir. 1980)...............................................................................11, 12

Fifth Third Processing, Solutions, LLC v. Elliot,
    2011 Wl 4946330 (S.D. Oh. Oct. 18, 2011) ..........................................................11

Healthcare Management and Investment Holdings, LLC v. Feldman,
    2006 WL 2660628 ...................................................................................................10

Hirczy de Mino v. Achenbaum,
    81 Fed. Appx. 819 (5th Cir. 2003)...........................................................................8

Hodges v. Schlinkert Sports Associates, Inc.,
    89 F.3d 310 (6th Cir. 1996) ......................................................................................8

Independent News Co. v. Williams,
    404 F.2d 758 (3d Cir. 1968)....................................................................................12

Jazz Pharmaceuticals, Inc. v. Synchrony Group, LLC,
    2018 WL 6305602 (E.D. Pa. Dec. 3, 2018).............................................................5

Louisiana Counseling and Family Services, Inc. v. Makrygialos, LLC,
543 F. Supp. 2d 359 (D.N.J. 2008) .................................................................5

In re Maxxim Medical Group, Inc.,
434 B.R. 660 (M.D. Fla. 2010) .......................................................................9

McCray v. Fidelity Nat'l Ins. Co.,
682 F.3d 229 (3d Cir. 2012).........................................................................12

Mobitech Regenerative Medicine, Inc. v. Bakken Value Creators, LLC,
2016 WL 7192090 (S.D.N.Y. Dec. 12, 2016) .............................................10

New Jersey Turnpike Authority v. Jersey Cent. Power and Light,
772 F.2d 25 (3d Cir. 1985)..............................................................................5

Olin v. Water Services v. Midland Research Laboratories, Inc.,
774 F.2d 303 (8th Cir. 1985) ..........................................................................9

Phibro Animal Health U.S., Inc. v. Cornerstone AG Products,
2006 WL 2570839 (D.N.J. Sept. 5, 2006) ......................................................7

Matter of Quality Spice Corp.,
107 B.R. 843 (D.N.J. 1989) ............................................................................5

ROI Controls Corp. v. Weber,
1988 WL 125851 (D.N.J. Nov. 23, 1998) ...............................................6, 7, 8

Senture, LLC v. Dietrich,
2008 WL 11383529 (E.D. Va. Dec. 4, 2008) .................................................9

Spencer v. Kemna,
523 U.S. 1 (1998)............................................................................................5

Weber Aircraft, L.L.C. v. Krishnamurthy,
2014 WL 12521297 (E.D. Tex. Jan. 27, 2014)............................................10

**Rules**

Rule 12(b)(1)...............................................................................................5, 6

Rule 56.............................................................................................................6

## PRELIMINARY STATEMENT

It is a fundamental principle of the United States judiciary that courts can only rule on actual controversies or disputes.  If the plaintiff is not injured or likely to suffer injury and the court cannot enter any meaningful relief redressing plaintiff's injury, the case is deemed moot and it must be dismissed.  That is exactly what has happened in this case.  The only further relief plaintiff Diversant, LLC ("Diversant") seeks from the court is a permanent injunction enforcing the terms of the parties' non-competition agreement and enjoining defendant Mitchelle Carino from working for a Diversant competitor.  However, Mr. Carino's non-competition agreement expired on January 3, 2019.  Thus, there is no longer any threat to Diversant that Mr. Carino will violate the parties' agreement and there is no basis whatsoever for the court to enter a permanent injunction against Mr. Carino.  Indeed, a permanent injunction enjoining Mr. Carino from working for a Diversant competitor until January 3, 2019 is completely meaningless as that date has already passed.  Accordingly, there is no longer a live case or controversy for the court to decide.  The case law is clear and overwhelming: once a non-competition agreement has expired (even if it expired during the litigation), there is no basis for a court to grant injunctive relief based on the non-competition agreement and the case is deemed moot.  Of course, once a case is considered moot, the court no longer has jurisdiction over the case and the complaint must be dismissed.

## RELEVANT STATEMENT OF FACTS
## AND PROCEDURAL HISTORY

### A.     Diversant hires Mitchelle Carino in July 2015 and requires him to sign a non-competition agreement as part of his employment

1.     On July 22, 2015, Diversant offered Mr. Carino the position of Business Development Director for Diversant. See Defendant's Statement of Undisputed Material Facts ("SUMF"), ¶ 1.

2.      As a Business Development Director for Diversant, Mr. Carino was responsible for building relationships with and selling services to Diversant's San Francisco-based clients. This included staffing Diversant's clients, including primarily Wells Fargo, one of Diversant's largest clients, with IT consultants and contractors.  Id., at ¶ 2.

3.      In connection with his employment at Diversant, Mr. Carino signed Diversant's employment agreement, entitled, "At-Will, Restrictive Covenant and Arbitration Agreement" (the "Agreement").  The Agreement contained a non-competition clause which stated:

> Employee agrees that, during his/her employment with Employer and for one (1) year after the termination of the employment relationship, regardless of whether the termination was voluntary or involuntary (the "Restricted Period"), Employee will not, within the Territory, as that term is defined herein, provide information technology staffing services, directly or indirectly, whether as an employee consultant, independent contractor, or otherwise, similar to those Employee provided to or for Employer, to or for any corporation, individual, enterprise, entity, or association that competes with Employer in Employer's Business.  Employee further agrees that, during the Restricted Period and within the Territory, he/she shall not operate an information technology staffing services business which competes with Employer in Employer's Business.  For purposes of this Agreement, "Territory" shall mean a 50-mile radius around the Business Location(s) utilized by Employee during the most recent twelve (12) months of Employee's employment with Employer.

Id., at ¶ 3.

4.      The Agreement also contained non-solicitation clauses which prohibited Mr. Carino from soliciting any Diversant employee, consultant, or customer during the Restricted Period (*i.e.* for one year following his resignation).  Id., at ¶ 4.

5.      On January 3, 2018, Mr. Carino resigned from his employment with Diversant. Accordingly, the non-competition and non-solicitation clauses in the Agreement expired on January 3, 2019.  Id., at ¶ 5.

**B.** **In January 2018, Mr. Carino begins working for Artech and Diversant seeks to enforce its non-competition agreement against Mr. Carino**

6.      On January 3, 2018, following his resignation from Diversant, Mr. Carino began working as a Senior Account Executive for Artech, a competitor of Diversant in the IT staffing industry. Id., at ¶ 6.

7.      On March 5, 2018, Diversant filed a Verified Complaint and an application for a temporary restraining order ("TRO") and preliminary injunction seeking to enjoin Mr. Carino from working for Artech. Id., at ¶ 7. On June 11, 2018, the Court granted Diversant's motion for a preliminary injunction. Id., at ¶ 8.

8.      Pursuant to the terms of the Court's preliminary injunction order, Mr. Carino was preliminary enjoined until January 3, 2019 – one year from his separation from Diversant – from, among other things, providing information technology staffing services similar to those services he provided to Diversant (including for Artech) within 50 miles of Diversant's San Francisco office. Id., at ¶ 9.

**C.** **As a result of the Court's ruling, Mr. Carino stops working for Artech**

9.      Based on the Court's ruling, Artech terminated its employment relationship with Mr. Carino effective June 15, 2018. Id., at ¶ 10.

10.     Following the Court's ruling, Mr. Carino has not provided any IT staffing services for any company, either directly or indirectly, that could be considered a violation of the Agreement. Id., at ¶ 11.

**D.** **Mr. Carino is not in possession of Diversant's alleged confidential information**

11.     On May 30, 2018 (*i.e.* prior to the Court's preliminary injunction ruling), Mr. Carino surrendered his cell phone to his attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C. ("Ogletree Deakins"), in their San Francisco office. Id., at ¶ 12.

3

12.     Since surrendering his cell phone and the termination of his employment from Artech, Mr. Carino has not had access to any of Diversant's (alleged) confidential information, including the contact information for Wells Fargo hiring managers, the contact information for the Diversant consultants or contractors, or the Diversant emails stored in his cell phone (as such information was not stored by Mr. Carino in any place other than his cell phone). <u>Id.</u>, at ¶ 13.

13.     Since surrendering his cell phone to his attorneys, and following the termination of his employment from Artech, Mr. Carino has not used any of Diversant's (alleged) confidential information. <u>Id.</u>, at ¶ 14.

**E.      The Agreement and the Court's June 11 preliminary injunction Order expired on January 3, 2019 and thus Mr. Carino is free to compete against Diversant**

14.     On January 3, 2019, the Agreement expired. <u>Id.</u>, at ¶ 15.

15.     In addition, on January 3, 2019, the preliminary injunction issued by the Court on June 11, 2018 also expired. <u>See</u> SUMF, ¶ 16. Accordingly, Mr. Carino is not bound by any contract or court order prohibiting him from competing against Diversant. <u>Id.</u>, at ¶ 17.

**<u>LEGAL ARGUMENT</u>**

**<u>POINT I</u>**

**<u>THE VERIFIED COMPLAINT MUST BE DISMISSED AS MOOT BECAUSE A CASE IN CONTROVERSY NO LONGER EXISTS</u>**

**A.      <u>Legal standard to dismiss the complaint as moot</u>**

The Constitution of the United States requires that federal courts have a case or controversy before them that is actual and ongoing. U.S. Constitution, Art. III § 2. As explained by the Supreme Court, "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the

matter in the case before it." See New Jersey Turnpike Authority v. Jersey Cent. Power and Light, 772 F.2d 25, 30 (3d Cir. 1985) (citing Mills v. Green, 159 U.S. 651, 653 (1895)).  A plaintiff's claim is thus rendered moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." See Louisiana Counseling and Family Services, Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 366 (D.N.J. 2008) (citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

The case or controversy "must be extant at all stages of the court's review, not merely at the time the complaint is filed." Camesi v. Univ. of Pittsburgh Med. Center, 729 F.3d 239, 247 (3d Cir. 2013).  If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit at any point during the litigation the action is no longer "live" and is rendered moot. Id.  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 6 (1998).  The inability of the court to grant relief removes jurisdiction and the case may not be heard.  See Matter of Quality Spice Corp., 107 B.R. 843, 849 (D.N.J. 1989).  Thus, "the central question of all mootness issues, then, is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."  See Jazz Pharmaceuticals, Inc. v. Synchrony Group, LLC, 2018 WL 6305602, *2 (E.D. Pa. Dec. 3, 2018).  "When a dispute ceases to be sufficiently alive to qualify as a controversy, it is not fit for federal adjudication."[1] Matter of Quality Spice, 107 B.R. at 849.

---

[1] Pursuant to the Federal Rules of Civil Procedure, the court may dismiss a complaint for lack of subject-matter jurisdiction.  Proper grounds for a Rule 12(b)(1) motion to dismiss includes the issue of mootness, since the mootness doctrine implicates jurisdictional matters.  Thus, a motion to dismiss based on mootness can be made at any time during the litigation. See Louisiana Counseling and Family Services, Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 366 (D.N.J. 2008) ("Mootness is a jurisdictional defect that can be raised at any time by the parties or the court sua sponte").  In the event that the Court find that Rule 12(b)(1) is not the proper vehicle to dismiss

**B.     The Agreement expired on January 3, 2019 and thus, Diversant's claim for injunctive relief is now moot because there is no basis to enter a permanent injunction**

Diversant repeatedly represented to Defendant and the Court that the only relief it is seeking in court is injunctive relief.  Indeed, as Diversant specifically stated in its filings with the Court: "**Diversant is not seeking damages in this case, because the Agreement requires such a claim must be pursued in arbitration**."  See Diversant's Reply Brief in Further Support of its Motion for a Preliminary Injunction [D.E. 37], p. 21 n.21.  That is, Diversant is not requesting the court award any monetary relief, but it is only seeking an order enjoining Mr. Carino from breaching the Agreement.  However, the basis for Diversant's request for injunctive relief is the parties' Agreement, which expired on January 3, 2019 – one year following Mr. Carino's resignation from Diversant.  Because the Agreement expired, Mr. Carino is free to compete against Diversant if he so chooses.  Accordingly, there is no longer any actual or threatened injury to Diversant.  Specifically, there is no risk of Mr. Carino violating the Agreement, and thus, there is no harm left to enjoin.  In addition, because the Agreement expired, there is no meaningful relief that the court can award Diversant. That is, a permanent injunction enjoining Mr. Carino from working for a Diversant competitor until January 3, 2019 is meaningless as that date has already passed.  Under those circumstances, there is no basis for the court to issue an injunction (permanent

a complaint for mootness, or that the Court considers any documents outside the scope of Rule 12(b)(1), the Court can dismiss the Complaint for mootness pursuant to Rule 56. See ROI Controls Corp. v. Weber, 1988 WL 125851, *2 (D.N.J. Nov. 23, 1998) (granting summary judgment on defendant's motion to dismiss for mootness).  The following facts, which are all compel dismissal of the case, cannot be disputed: Mr. Carino had an Agreement with Diversant that contained a non-compete clause; Mr. Carino resigned on January 3, 2018 and began working for a Diversant competitor; Diversant is seeking a permanent injunction based on the Agreement; and the Agreement expired on January 3, 2019.

or otherwise) enjoining Mr. Carino from working for a Diversant competitor. Indeed, issuing a permanent injunction against Mr. Carino will have no effect.

When a non-compete agreement expires on its own terms (even if it expires during the pendency of the litigation), any request for injunctive relief based on the agreement is moot and the complaint must be dismissed. See e.g. ROI Controls Corp. v. Weber, 1988 WL 125851, *2 (D.N.J. Nov. 23, 1998) (holding that claims for injunctive relief against defendants based on violations of their non-competition agreement must be dismissed once the non-compete agreement expired); The Community Hosp. Group, Inc. v. More, 183 N.J. 36, 64 (2005) ("Because the two-year period for the restrictive covenant has expired, JFK's request for injunctive relief is moot"); Campbell Soup Co. v. Martin, 202 F.2d 398, 399 (3d Cir. 1953) (holding case was moot where the contract between the parties expired and thus "there are now no legal relations between the parties"); Phibro Animal Health U.S., Inc. v. Cornerstone AG Products, 2006 WL 2570839, *5 (D.N.J. Sept. 5, 2006) ("even if . . . the Agreement was renewed beyond its initial term, it expired as of June 30, 2005 absent explicit renewal by the parties. No renewal having occurred, the Distributorship Agreement has expired and Defendant's counterclaim for an injunction is moot.").

This Court's holding in ROI Controls Corp., is directly on point and should guide the court's decision.  In ROI Controls Corp., the defendants signed a non-competition agreement with plaintiff ROI Controls, Inc. ("ROI") which stated that they could not work for any ROI client for one year following their termination from ROI.  After Plaintiff filed a lawsuit against them seeking a permanent injunction, the defendants moved for summary judgment on the grounds that the one year period in the non-competition agreement expired, and thus, ROI's claim for injunctive relief was moot.  This Court agreed with defendants, and in dismissing them from the lawsuit, this Court stated:

It is well settled that a federal court is constitutionally barred by the "case or controversy" requirement of Article III from enjoining actionable conduct which has terminated without the possibility of recurrence. Therefore, *federal courts have held that injunctive relief cannot issue on the basis of a negative covenant which has expired of its own terms* . . . The reasoning which underlies these decisions is compelling. A negative covenant is entered into for the purpose of rendering otherwise-inoffensive behavior actionable. Such a covenant may therefore be said to create "private rights" between the parties which endures until the covenant expires. It follows that *only such behavior as occurs before the termination of the agreement may be enjoined, for only that behavior has been rendered actionable. Behavior which takes place after that point is not actionable because the expiration of the covenant has extinguished the parties' "private rights"* and restored an inoffensive complexion to defendant's actions.  Therefore because the purpose of an injunction is to prevent future violations of rights proceedings for prospective relief conducted on the basis of an expired negative covenant would prohibit conduct which is no longer actionable while failing to redress actionable conduct which has already occurred.

A case is "moot" when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy. *Because ROI Controls's right to demand restraint of defendants' actions has expired, there is no existing controversy which justifies prospective relief.* An injunction is an extraordinary remedy, and should not be employed lightly. Where the basis for it has been removed it can have no meaningful effect and should not issue.

ROI Controls Corp., 1988 WL 125851, *1-2 (internal citations and quotations omitted, emphasis added).

Courts across the country that have addressed this exact issue uniformly agree that expiration of a non-compete agreement moots any claim for injunctive relief. See Hodges v. Schlinkert Sports Associates, Inc., 89 F.3d 310, 312 (6th Cir. 1996) ("The non-compete provision at issue in this case prohibited plaintiff from working for an SSA competitor for one year after his employment terminated. By its terms, that provision expired on April 16, 1995, one year after plaintiff's April 1994 termination from defendants' employment. Under the general rule of mootness, defendants' claim to enforcement of the noncompete clause is moot since that provision expired by its own terms; the question is no longer live because even a favorable decision would not entitle defendants to plaintiff's noncompetition now."); Hirczy de Mino v. Achenbaum, 81 Fed.

Appx. 819, 821 (5th Cir. 2003) ("It is axiomatic that a request for injunctive relief remains live only so long as there is some present harm left to enjoin. This is a corollary of the more general rule that a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief . . . De Mino's pleadings and his arguments on appeal show that his action sought only injunctive relief pursuant to an employment agreement that, by its terms, has now expired. Because this court cannot provide meaningful injunctive relief pursuant to an agreement that has expired, this action is moot . . ."); Olin v. Water Services v. Midland Research Laboratories, Inc., 774 F.2d 303, 307 (8th Cir. 1985) ("All parties concede that Olin terminated Donigan on February 24, 1984. The preliminary injunction order issued by the court enjoined Donigan until February 24, 1985 . . . Because injunctive relief was premised on the contractual agreement between Donigan and Olin, and that agreement has expired by its own terms, there is no possibility of future injunctive relief, preliminary or permanent, being imposed against Donigan on this ground."); Aladdin Capital Holdings, LLC v. Donoyan, 438 Fed. Appx. 14, 15 (2d Cir. 2011) (holding request for injunctive relief was moot where the terms of the parties' non-competition agreement already expired); Senture, LLC v. Dietrich, 2008 WL 11383529, *5 (E.D. Va. Dec. 4, 2008) ("case law strongly supports the view that the injunctive relief sought by the Plaintiff is moot. There is no indication of delay in the litigation–the fact of the matter is that the Defendants' covenant not to compete has expired by its own terms over the course of litigation and a substantial body of case law renders the matter moot."); In re Maxxim Medical Group, Inc., 434 B.R. 660, 694 (M.D. Fla. 2010) ("even if the Court had concluded that the covenant not to compete contained in McCauley's SRA was valid and binding, injunctive relief against McCauley would still not be appropriate under the circumstances. In reaching this conclusion, the Court notes that the term of McCauley's covenant not to compete was for one year's duration, commencing upon

McCauley's termination of her employment in June of 2003.  Accordingly, the period for any injunction arising from the covenant not to compete had long expired before this case came to trial."); Anesthesia Healthcare Partners Inc., v. Anesthesia Healthcare Solutions of North Florida LLC, 2011 WL 2441307, *1 (N.D. Fla. June 17, 2011) ("the time limit of the non-compete agreement has expired, leaving the court no basis upon which to enjoin any conduct in violation thereof and rendering the plaintiff's motion moot."); Mobitech Regenerative Medicine, Inc. v. Bakken Value Creators, LLC, 2016 WL 7192090, *3 (S.D.N.Y. Dec. 12, 2016) ("Where a party seeks equitable relief relating to a contract, that contract's expiration generally moots a party's claim"); Healthcare Management and Investment Holdings, LLC v. Feldman, 2006 WL 2660628, *12 (N.D. Oh. Sept. 15, 2006) ("with respect to HMIH's request for injunctive relief, the court recognizes that the Restrictive Covenant's non-compete provision was set to expire on or about January 26, 2005. Thus, to the extent that Counts One and Two seek injunctive relief to enforce compliance with this provision, that request is now moot.") Weber Aircraft, L.L.C. v. Krishnamurthy, 2014 WL 12521297, *12 (E.D. Tex. Jan. 27, 2014) ("Plaintiff may not be awarded injunctive relief because the contractual obligations within the covenant have expired, rendering any injunction claim moot."); Berk v. Tradewell, Inc., 2003 WL 21664679, *10 (S.D.N.Y. July 16, 2003) ("Given the clear language of the covenant and the expiration of its time limit, there is no longer a substantial controversy regarding the covenant against employment by a major competitor.  Therefore, both plaintiffs' claims for declaratory relief on the covenant against employment by a major competitor are dismissed. Plaintiffs' claims for injunctive relief on the same covenant are moot also, and they are dismissed as well.").

Finally, in the event that Diversant argues its claims are not moot because it may seek a permanent injunction enjoining Mr. Carino from using, disclosing,  or misappropriating

Diversant's confidential information based on Paragraph 2 of the Agreement (which governs Defendant's use of Diversant's confidential information and which does not have a similar one-year time limitation), that argument would also fail.  It is well-settled that "injunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. **Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do.**" Continental Group, Inc. v. Amoco Chemicals Corp., 614 F.2d 351, 359 (3d Cir. 1980) (emphasis added).  Here, the only alleged Diversant confidential information Mr. Carino had access to during his employment with Artech were the Wells Fargo contact numbers he had on his cell phone.  However, Mr. Carino surrendered his cell phone to his attorneys on May 30, 2018 and was terminated from Artech in July 2018.  Since that time, Mr. Carino has not had any access to any Diversant confidential information nor has he attempted to use Diversant's confidential information.  Thus, Mr. Carino cannot be enjoined from doing something he is not attempting to do, has no intention of doing, or is even capable of doing (i.e. using Diversant's confidential information).   Indeed, Mr. Carino cannot be enjoined from using Diversant's confidential information because he no longer has access to that information. See Fifth Third Processing, Solutions, LLC v. Elliot, 2011 Wl 4946330, *5 (S.D. Oh. Oct. 18, 2011) (rejecting request for injunctive relief where "The Defendant is no longer in possession of any of FTPS's confidential information. Defendant's attorney has his personal laptop computer which can be turned over to FTPS to be scrubbed of its documents. Defendant's email account remains live, but Defendant's attorney can work with FTPS to take steps satisfactory to both parties to delete those documents and close out the account. The Defendant simply is not in a position to share or use these documents to FTPS's disadvantage at this point").

Moreover, "because injunctions regulate future conduct, a party seeking prospective injunctive relief must demonstrate a 'real and immediate'-as opposed to a merely speculative or hypothetical-threat of future harm." Access 4 All, Inc. v. Boardwalk Regency Corp., 2010 WL 4860565, *3 (D.N.J. Nov. 23, 2010).  Because Mr. Carino does not have access to Diversant's confidential information, there is no threat of Mr. Carino using or misappropriating it, and thus, no threat of any continuing harm to Diversant.  Indeed, any request by Diversant to permanently enjoin Mr. Carino from using its confidential information would simply be to allay its fear of Mr. Carino possibly using its confidential information in the future. Of course, a permanent injunction cannot be issued under those circumstances. See Continental Group, 614 F.2d 351 at 359 ("an injunction may not be used simply to eliminate a possibility of a remote future injury"); McCray v. Fidelity Nat'l Ins. Co., 682 F.3d 229, 242 (3d Cir. 2012) ("Allegations of possible future injury are not sufficient to satisfy Article III" for injunctive relief); Independent News Co. v. Williams, 404 F.2d 758, 761 (3d Cir. 1968) (affirming denial of injunctive relief where "the likelihood of defendant's being in a position, even if he so desired, to resume the [prohibited] practice is minimal at best").

Because Diversant's claim for injunctive relief (the only relief Diversant is seeking) is moot, there is no meaningful relief the court can issue, and the complaint must be dismissed.  To the extent Diversant seeks non-equitable relief against Diversant, including any claim for monetary damages, it agreed to pursue those claims against Defendant in arbitration pursuant to the terms of the Agreement.

## CONCLUSION

For the foregoing reasons, Mr. Carino respectfully requests that the Court dismiss Diversant's Verified Complaint as moot.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

By:       */s Robin Koshy*
          Robin Koshy, Esq.
          Carmen J. DiMaria, Esq.
          10 Madison Avenue, Suite 400
          Morristown, New Jersey 07960
          Telephone: (973) 656-1600
          Facsimile: (973) 656-1600

Dated: January 11, 2019